## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## CIVIL MINUTES—GENERAL

| Case No. | CV 24-731-DMG (DFMx) | | Date | March 31, 2025 |
|---|---|---|---|---|

| Title | *Amy Doucette, et al. v. Kia America Inc., et al.* | Page | 1 of 27 |
|---|---|---|---|

Present: The Honorable    DOLLY M. GEE, CHIEF UNITED STATES DISTRICT JUDGE

| DEREK DAVIS | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE DEFENDANT HYUNDAI MOTOR AMERICA'S MOTION TO COMPEL ARBITRATION AND MOTION TO DISMISS, AND DEFENDANT KIA AMERICA INC.'S MOTION TO DISMISS [32] [33] [34]**

On April 3, 2024, Plaintiffs Amy Doucette and Meredith Tongue, individually and on behalf of all those similarly situated, filed a Complaint against Defendants: Kia America, Inc., formerly known as KIA Motors America, Inc. ("KA"); KIA Corporation, formerly known as KIA Motors Corporation ("KC") (together, "Kia"); Hyundai Motor Company ("HMC"); and Hyundai Motor America ("HMA") (together, "Hyundai").[1] [Doc. # 1 ("Compl.").] Hyundai responded to the Complaint with a Motion to Compel Arbitration ("MTC") [Doc. # 32] and a Motion to Dismiss ("Hyundai MTD") [Doc. # 33]. Kia filed a Motion to Dismiss ("Kia MTD"). [Doc. # 34.] All motions are fully briefed. [Doc. ## 39 ("MTC Opp."), 40 ("Hyundai MTD Opp."), 41 ("Kia MTD Opp."), 43 ("Hyundai MTD Reply"), 44 ("MTC Reply"), 45 ("Kia MTD Reply").]

Having carefully considered the parties' written submissions, the Court **DENIES** Hyundai's MTC, and **GRANTS in part and DENIES in part** Kia's MTD and Hyundai's MTD, for the reasons set forth below.

## I.
## FACTUAL AND PROCEDURAL BACKGROUND

### A.    The Parties and the Defect

HMA, a corporation with its principal place of business in California, manufactures and distributes the putative class vehicles, and is a subsidiary of HMC, a South Korean corporation. Compl. at ¶¶ 64, 67. KC is a corporation with its principal place of business in California,

---

[1] Plaintiffs named but have not served the Defendant parent companies (HMC and KC). *See* Kia MTD Opp. at 10 n.2; Doc. ## 19, 20.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 24-731-DMG (DFMx) | Date | March 31, 2025 |
|---|---|---|---|

| Title | *Amy Doucette, et al. v. Kia America Inc., et al.* | Page | 2 of 27 |

manufactures and distributes the putative class vehicles, and is a subsidiary of KA, a South Korean corporation. *Id.* at ¶¶ 58, 61.

Plaintiff Tongue is a resident of Georgia who purchased a 2019 Hyundai Ioniq on December 2, 2022 from the dealership Rick Case Hyundai, an authorized dealer of Hyundai located in Georgia. Compl. at ¶¶ 47, 48. Plaintiff Doucette is a resident of Massachusetts who purchased a 2020 Kia Niro in or around April 2020 from Ron Bouchard Kia, an authorized dealer of Kia also located in Massachusetts. *Id.* at ¶ 37, 38.

Plaintiffs allege the same defect in the Kia and Hyundai putative class vehicles.[2] These vehicles are hybrid electric vehicles ("HEV") which are powered by an internal combustion engine ("ICE") and one or more electric motors. Compl. at ¶ 3. The HEV switches between the ICE and the electric motor through the engine clutch system. *Id.* at ¶¶ 4, 107, 108. In July 2023, KA issued a recall identifying a defect in the engine clutch system ("2023 Recall"). *Id.* at ¶ 4. The defect allows fluid to enter the Engine Clutch Actuator ("ECA") in the engine clutch system, and since moisture enters an electrified component (the printed circuit board or "PCB") a short circuit is formed which increases the likelihood of spontaneous fire in the engine compartment. *Id.* at ¶ 4, 123. In addition to engine fires, the defect also can cause the vehicle to stall and affects acceleration or switching between ICE and electric power. *Id.* at ¶¶ 124, 130. The same ECA is installed in the Hyundai putative class vehicles. *Id.* at ¶¶ 7, 98, 119, 120, 121, 122. Plaintiffs further allege previous recalls in prior years of the same part and defect in other vehicles sold by Kia and Hyundai. *Id.* at ¶¶ 145–151.

Hyundai has not issued a recall. *Id.* at ¶ 7. Kia's 2023 Recall came in two stages: (1) the fuse between the ECA and the electric battery was replaced so that in the event of a short circuit, the ECA is cut off from power instead of starting a fire; (2) *if* a certain diagnostic code was triggered, thereby indicating fluid has affected the PCB, the ECA will be replaced with the same ECA. *Id.* at ¶¶ 170, 171. Plaintiffs allege with the new fuse, when the ECA is cut off from power the vehicle risks other safety issues such as an inability to start or accelerate, or a sudden stall. *Id.* at ¶ 171.

Doucette brought her Kia vehicle to Ron Bouchard Kia for the 2023 Recall. *Id.* at ¶ 45. Ron Bouchard Kia changed her fuse, but did not replace the ECA. *Id.* Tongue brought her Hyundai vehicle for an inspection at Rick Case Hyundai in August of 2023, where she complained of engine performance when accelerating. *Id.* at ¶ 56. Her ECA was not repaired or replaced. *Id.*

---

[2] The putative class vehicles are the 2017-2022 Kia Nio Hybrid, 2018-2022 Kia Niro Plug-In Hybrid, and 2017-2022 Hyundai Ioniq Hybrid vehicles. Compl. at ¶ 2 n.2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 24-731-DMG (DFMx) | Date | March 31, 2025 |
|---|---|---|---|

| Title | *Amy Doucette, et al. v. Kia America Inc., et al.* | Page | 3 of 27 |

**B.      The Retail Purchase Agreement**

Tongue and Rick Case Hyundai executed a Retail Purchase Agreement on December 3, 2022, when she purchased her vehicle.  Decl. of Amir Nassihi ("Nassihi Decl.") at ¶¶ 2–3, Ex. 1 [Doc. # 32-2 ("Purchase Agreement")].  The Retail Purchase Agreement identifies Tongue as the "Purchaser Name" and "Rick Case Hyundai" as the "Seller-Creditor"—and also refers to "'we' or 'us' in [the] contract."  [Doc. # 32-2 at 2, 3.]  The Retail Purchase Agreement does not identify HMC or HMA as parties.  The Retail Purchase Agreement includes the following arbitration provision:

> Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision, and the arbitrability of the claim or dispute), between **you and us or our employees, agents, successors or assigns**, which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action. If federal law provides that a claim or dispute is not subject to binding arbitration, this Arbitration Provision shall not apply to such claim or dispute. Any claim or dispute is to be arbitrated by a single arbitrator on an individual basis and not as a class action. . . . Any arbitration under this Arbitration Provision shall be governed by the Federal Arbitration Act (9 U.S.C. § 1 et seq.) and not by any state law concerning arbitration.

Purchase Agreement at 7 (emphasis added).

**C.      Plaintiffs' Causes of Action and the Putative Class**

Plaintiffs bring the following causes of action under California law:  (1) violation of the Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code. § 1750 *et seq.* as to all Defendants (Compl. at ¶¶ 254–275); (2) violation of the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 as to all Defendants (Compl. at ¶¶ 276–284); (3) violation of the False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500 *et seq.* as to all Defendants (Compl. at ¶¶ 285–292); (4) breach of implied warranty, Cal. Com. Code. §§ 2314 and 10212, as to HMA and KA (Compl. at ¶¶ 293–311); and (5) breach of express warranty, Cal. Com. Code §§ 2313 and 10214, as to HMA and KA (Compl. at ¶¶ 312–329).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 24-731-DMG (DFMx) | Date | March 31, 2025 |
|---|---|---|---|

| Title | *Amy Doucette, et al. v. Kia America Inc., et al.* | Page | 4 of 27 |
|---|---|---|---|

Plaintiffs bring the following claims individually and on behalf of the Nationwide Class or, in the alternative, the State Classes: (6) strict products liability, as to all Defendants (Compl. at ¶¶ 330–341) and individually and on behalf of the Nationwide Class (7) unjust enrichment, as to all Defendants (Compl. at ¶¶ 342–349).

Plaintiff Doucette, individually and on behalf of the Massachusetts Class, brings these causes of action under Massachusetts law: (8) violation of the Deceptive Acts or Practices Prohibited by Massachusetts Law, Mass. G.L. c. 93a, § 1 *et seq.* as to KA and KC (Compl. at ¶¶ 350–370); (9) breach of implied warranty of merchantability, Mass. G.L. c. 106, §§ 2-314 and 2A-212 as to KA (Compl. at ¶¶ 371–389); and (10) breach of express warranty, Mass. G.L. c. 106 §§ 2-313, 2A-103 and 2A-210 *et seq.* as to KA (Compl. at ¶¶ 390–406).

Plaintiff Tongue, individually and on behalf of the Georgia Class, brings these causes of action under Georgia law: (11) breach of express warranty, Ga. Code. Ann. §§ 11-2-313 and 11-2A-210 as to HMA (Compl. at ¶¶ 407–423); (12) breach of implied warranty, Ga. Code. Ann. §§ 11-2-314 and 11-2A-212, as to HMA (Compl. at ¶ 424–440); (13) violation of the Georgia Uniform Deceptive Trade Practices Act, Ga. Code. Ann. §§ 10-1-370 *et seq.* ("GUDTPA") as to HMA and HMC (Compl. at ¶¶ 441–456); and (14) violation of the Georgia Fair Business Practices Act, Ga. Code. Ann. §§ 10-1-390 *et seq.* ("GFBPA") as to HMA and HMC (Compl. at ¶¶ 457–472).

Plaintiffs' request for relief is the following: class certification and appointment as class counsel; tolling on and estoppel against any applicable statutes of limitations; injunctive and declaratory relief; actual, compensatory, general, special, incidental, statutory, punitive, and consequential damages, costs, and disgorgement; costs, attorney's fees, and pre- and post-judgment interest. Compl. at ¶¶ a–h.

As relevant to these motions, Plaintiffs seek a Nationwide Class under California law and in addition to, or in the alternative to the Nationwide Class, and State Classes of Massachusetts and Georgia, represented by Doucette and Tongue, respectively. Compl. at ¶¶ 243–246.

**D.    Requests for Judicial Notice**

Hyundai and Kia both filed unopposed Requests for Judicial Notice ("RJNs"). [Doc. ## 33-2, 34-2.] The RJNs are **GRANTED** as to all documents incorporated-by-reference in Plaintiffs' Complaint. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). The RJN of the only document not incorporated by reference in the complaint, the Recall Interim Notice in Kia's RJN (Exhibit E), is **DENIED as moot** since the Court did not rely on it. [Doc. # 34-2 at 4.]

**CIVIL MINUTES—GENERAL**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 24-731-DMG (DFMx) | Date | March 31, 2025 |
|---|---|---|---|

| Title | *Amy Doucette, et al. v. Kia America Inc., et al.* | Page | 5 of 27 |
|---|---|---|---|

## II.
## LEGAL STANDARD

### A.    Motion to Compel Arbitration

The Federal Arbitration Act ("FAA") "provides that agreements to arbitrate disputes 'shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.'" *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 67 (2010) (citing 9 U.S.C. § 2). Section 2 of the FAA indicates a strong "federal policy favoring arbitration agreements." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 103 S. Ct. 927, 941 (1983). Accordingly, "courts of appeals have since consistently concluded that questions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration." *Id.*

"[A]n agreement to arbitrate is a matter of contract." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000). A Court cannot require a party to submit to arbitration any dispute which the party has not agreed to submit. *Kramer v. Toyota Motor Corp.*, 705 F.3d 1122, 1126 (9th Cir. 2013) (citing *United Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582 (1960)). Because arbitration is a matter of contract, the purpose of the FAA is to "ensure that private agreements to arbitrate are enforced according to their terms." *Id.*

### B.    Motions to Dismiss

Under Rule 12(b)(6), a defendant may seek to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, a complaint must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a pleading need not contain "detailed factual allegations," it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.* at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In evaluating the sufficiency of a complaint, courts must accept all factual allegations as true. *Id.* (citing *Twombly*, 550 U.S. at 555). Legal conclusions, in contrast, are not entitled to the assumption of truth. *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 24-731-DMG (DFMx) | Date | March 31, 2025 |
|---|---|---|---|

| Title | *Amy Doucette, et al. v. Kia America Inc., et al.* | Page | 6 of 27 |

**III.**
**DISCUSSION**

**A.      Motion to Compel Arbitration**

The parties do not dispute the existence of a valid arbitration agreement between Doucette and Rick Case Hyundai.  MTC at 9–10; MTC Opp. at 9–10.  Rick Case Hyundai is not a named Defendant.  At issue is whether Hyundai has a right to compel arbitration as a non-signatory to the agreement.

The right to compel arbitration "may not be invoked by one who is not a party to the agreement and does not otherwise possess the right to compel arbitration." *Kramer*, 705 F.3d at 1126 (quoting *Britton v. Co-op Banking Grp.*, 4 F.3d 742, 744 (9th Cir. 1993)).  The "strong public policy in favor of arbitration does not extend to those who are not parties to an arbitration agreement." *Id.*  A non-signatory "may invoke arbitration under the FAA if the relevant state contract law allows the litigant to enforce the agreement." *Id.* at 1128; *see also Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171, 1175 (9th Cir. 2014) ("In determining whether a valid arbitration agreement exists, federal courts apply ordinary state-law principles that govern the formation of contracts.") (internal quotations removed).

The parties present Georgia law as the relevant state contract law.  *See* MTC at 9–10; MTC Opp. at 10–11.[3]  Under Georgia law, "[t]raditional principles of agency law may bind a non[-]signatory to an arbitration agreement." *Triad Health Mgmt. of Georgia, III, LLC v. Johnson*, 298 Ga. App. 204, 206 (2009) (quotation omitted).  The party seeking arbitration "bears the burden of proving the existence of a valid and enforceable agreement to arbitrate. *Id.*  "The relation of principal and agent arises wherever one person, expressly or by implication, authorizes another to act for him or subsequently ratifies the acts of another in his behalf." Ga. Code Ann. § 10-6-1.  Furthermore, for car dealerships and manufacturers with a franchisor-franchisee relationship, under Georgia common law the manufacturer principal must "control" the "time, manner, and method of [the dealership's] day-to-day operations." *DaimlerChrysler Motors Co., LLC v.*

---

[3] Federal courts sitting in diversity look to the law of the forum state when making choice of law determinations. *Nguyen*, 763 F.3d at 1175.  "Under California law, the parties' choice of law will govern unless section 187(2) of the Restatement (Second) of Conflict of Laws dictates a different result." *Id.* (citation omitted).  The Purchase Agreement contains a choice of law provision, which specifies federal law and Georgia state law.  Purchase Agreement at 6.  Although the applicability of the choice of law provision depends on whether the parties agree to be bound by the Purchase Agreement in the first instance, the Court does not need to "engage in this circular inquiry" because both Georgia and California law dictate the same outcome. *See id.*; *see infra* n.5.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 24-731-DMG (DFMx) | Date | March 31, 2025 |

| Title | *Amy Doucette, et al. v. Kia America Inc., et al.* | Page | 7 of 27 |

*Clemente*, 294 Ga. App. 38, 44 (2008) (citing *BP Exploration & Oil v. Jones*, 252 Ga. App. 824, 825 (2001)).

Here, both sides point to the other side's stance on any agency-principal relationship between Hyundai and the Hyundai Dealership. Hyundai claims that since Tongue alleges Rick Case Hyundai is Hyundai's agent in the Complaint, it may not turn around and assert it is not Hyundai's agent for the arbitration clause.[4] *See* MTC at 11–12. Tongue claims, in turn, that Hyundai cannot disclaim Rick Case Hyundai as its agent while arguing the same relationship in order to assert the arbitration clause as a non-signatory. MTC Opp. at 10–11, 13. Furthermore, Tongue argues Hyundai has not presented evidence of the agent-principal relationship, or there is a genuine issue of material fact on this relationship that precludes the court from granting Hyundai's motion to compel arbitration. MTC Opp. at 11–13.

Both sides erroneously identify the relevant agent-principal relationship as one where Rick Case Hyundai is the agent and Hyundai is the principal. *See* MTC at 11 ("Plaintiff's complaint repeatedly alleges that [Rick Case Hyundai] is an agent of Hyundai."); MTC Opp. at 11 ("[Hyundai] claims that Plaintiff's allegations that Rick Case Hyundai is [Hyundai's] agent permits [Hyundai] to enforce the arbitration provision"). The arbitration clause in the Purchase Agreement applies, however, only to Rick Case Hyundai and *its* "employees, agents, successors or assigns." In order for Hyundai to compel arbitration as a non-signatory according to the language in the clause, it must be Rick Case Hyundai's *agent*—not its principal. Hyundai has not met its burden of showing Rick Case Hyundai, a dealer in Georgia, has authorized Hyundai to act on its behalf or has any semblance of control over Hyundai.[5]

_____

[4] Hyundai's argument appears to invoke the doctrine of equitable estoppel. *See Kramer*, 705 F.3d at 1128 ("Equitable estoppel precludes a party from claiming the benefits of a contract while simultaneously attempting to avoid the burdens that contract imposes.") (quoting *Comer v. Micor, Inc.*, 436 F.3d 1098, 1101 (9th Cir. 2006)). Even if equitable estoppel were applicable, it would not succeed, since Plaintiffs assert Hyundai is the principal of Rick Case Hyundai—not vice versa. *See, e.g.,* Compl. at ¶¶ 418 ("Plaintiff purchased her Class Vehicle from an authorized Hyundai dealership, which is Defendant's agent."), 434 (same).

[5] Similarly, under California law, Hyundai has not shown it can compel arbitration as a non-signatory. Under California law, retailers are not generally considered the agents of the manufacturers whose products they sell. *Scriber v. Ford Motor Co.*, CV No. 22-1716-MMA (AHGx), 2023 U.S. Dist. LEXIS 200174, at *14 (S.D. Cal. Nov. 7, 2023) (finding no evidence of an agent-principal relationship between Ford and a Ford authorized dealership) (citing *In re Ford Motor Warranty Cases*, 89 Cal. App. 5th 1324, 1324 (2023)). A non-signatory is a third-party beneficiary only to a contract made expressly for its benefit. *Ngo v. BMW of N. Am., LLC*, 23 F.4th 942, 946 (9th Cir. 2022); Cal. Civ. Code § 1559. HMC is the parent company of HMA and the only distant connection between HMA and Rick Case Hyundai is that Rick Case Hyundai is an authorized dealership. These attenuated relationships are insufficient to establish Rick Case Hyundai entered into the Retail Purchase Agreement expressly for Hyundai's benefit. *C.f. Mendoza v. Hyundai Motor Am.*, CV No. 22-210-DMG (AFMx), 2022 U.S. Dist. LEXIS 226972, at *3 (C.D. Cal.

_____

**CIVIL MINUTES—GENERAL**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 24-731-DMG (DFMx) | Date | March 31, 2025 |
|---|---|---|---|

| Title | *Amy Doucette, et al. v. Kia America Inc., et al.* | Page | 8 of 27 |

This Court addressed a similar non-signatory question in *Mendoza*—but that arbitration clause included both agents and parents, and affiliates and subsidiaries. *See Mendoza v. Hyundai Motor Am.*, CV No. 22-210-DMG (AFMx), 2022 U.S. Dist. LEXIS 226972, at *2 (C.D. Cal. Dec. 15, 2022) (the arbitration clause states "[i]n the event of a claim or dispute between you and us (including our respective agents, employees, officers, directors, affiliates, subsidiaries and parents)").  In a different case raised by Hyundai, *Yadegari*, the district court analyzed a similar arbitration clause that included only "employees, agents, successors or assigns." *Yadegari v. Ford Motor Comany*, CV No. 23-07438-MWF (RAOx), 2023 WL 11067049, at *2 (C.D. Cal. Dec. 20, 2023).  *Yadegari* is distinguishable, however, because it evaluated California law, concerned a different contract arrangement (manufacturing and delivery of vehicles) with distinguishable contract relationships (the authorized retailer was a named party and the plaintiff was a third-party beneficiary of contracts between defendants), and the agent defendant invoked an arbitration agreement executed by the principal defendant.  *Id.* at *3.

Hyundai, in its Reply, claims under Georgia law "the rule goes both ways."  MTC Reply at 9.  In other words, Hyundai contends Rick Case Hyundai as an agent may bind Hyundai as its principal even absent language in the arbitration clause including principals.  Hyundai cites to a single case, *Miccosukee*, but does not explain how this would occur.  In *Miccosukee*, the issue was whether the agents possessed "actual and apparent authority" to enter into the agreements on behalf of the principals.  *Miccosukee Tribe of Indians of Fla. v. Cypress*, 814 F.3d 1202, 1207 (11th Cir. 2015).  Here, there is no evidence that Hyundai conferred actual authority upon Rick Case Hyundai to contractually bind it.  As for apparent authority, it "is created as to a third person by written or spoken words or any other conduct of the principal which, reasonably interpreted, causes the third person to believe that the principal consents to have the act done on his behalf by the person purporting to act for him." *United Health Servs. of Georgia, Inc. v. Alexander*, 342 Ga. App. 1, 4 (2017).  There are no written or spoken words or any other conduct by Hyundai *to Tongue* that would cause Tongue to believe that Hyundai consented to have Rick Case Hyundai execute the Purchase Agreement on its behalf.

As none of the above facts are genuinely disputed, the Court need not hold a trial on arbitrability.  *See* MTC Reply at 9 (citing *Hansen v. LMB Mortg. Servs., Inc.*, 1 F.4th 667, 672 (9th Cir. 2021) ("[O]nce a district court concludes that there are genuine disputes of material fact as to whether the parties formed an arbitration agreement, the court must proceed without delay to a trial on arbitrability and hold any motion to compel arbitration in abeyance until the factual issues have been resolved.") and 9 U.S.C. § 4).  Since Hyundai may not compel arbitration as a non-

---

Dec. 15, 2022) (making the same finding regarding an affiliate-parent relationship between HMA, HCA, and another entity).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 24-731-DMG (DFMx) | Date | March 31, 2025 |
|---|---|---|---|

| Title | *Amy Doucette, et al. v. Kia America Inc., et al.* | Page | 9 of 27 |

signatory, the Court need not reach the scope of the arbitration agreement or whether a stay is appropriate. *See* MTC at 12–16. Hyundai's MTC is **DENIED**.

**B.    Kia's Motion to Dismiss**

**1.    Article III Standing and Prudential Ripeness**

To demonstrate constitutional standing under Article III, a plaintiff must show: (1) an injury-in-fact, (2) a causal connection between the injury and the defendant's alleged conduct; and (3) a likelihood that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561–62 (1992). To establish an injury-in-fact, a plaintiff must show that his injury is "concrete and particularized and actual or imminent, not conjectural or hypothetical." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016) (citation and internal quotation marks omitted). Related to standing is the doctrine of ripeness, which is "peculiarly a question of timing." *Reg'l Rail Reorg. Act Cases*, 419 U.S. 102, 140 (1974). Ripeness is "designed 'to separate matters that are premature for review because the injury is speculative and may never occur from those cases that are appropriate for federal court action.'" *Wolfson v. Brammer*, 616 F.3d 1045, 1057 (9th Cir. 2010) (quoting *Portman v. County of Santa Clara*, 995 F.2d 898, 902 (9th Cir. 1993)).

Here, Plaintiffs allege a benefit of the bargain theory, namely that the defect in Doucette's Kia diminished the value of her vehicle, and she continues to drive her vehicle because she is unable to replace it. Compl. at ¶¶ 41, 46; Kia Opp. at 11. In the future, Plaintiffs allege that Doucette would purchase a Kia vehicle if Kia's representations were accurate. Compl. at ¶ 44. Kia argues that due to the remedy provided by the recall, Plaintiffs lack standing and their claims are not ripe. Kia MTD at 12–17. Kia's arguments fail because the Kia 2023 Recall does not provide a remedy for the alleged defect.

"Defective cars are not worth as much as defect-free cars." *In re Toyota Motor Corp.*, 790 F. Supp. 2d 1152, 1165 (C.D. Cal. 2011). The defect itself is the injury. *Nguyen v. Nissan N. Am., Inc.*, 932 F.3d 811, 822 (9th Cir. 2019). "As a matter of common sense, however, the economic loss injury based on the vehicle's decreased value no longer exists if Defendant has, through the recall, offered to remove the complained-of defect free of charge." *Peckerar v. Gen. Motors, LLC*, CV No. 18-2153-DMG (SPx), 2020 WL 5289919, at *2 (C.D. Cal. May 27, 2020) ("*Peckerar I*"). "If the Recall repair has not fixed the defect, it did not restore Plaintiffs' vehicle to its pre-defect value." *Peckerar v. Gen. Motors, LLC*, CV No. 18-2153-DMG (SPx), 2020 WL 6115083, at *2 (C.D. Cal. Aug. 17, 2020) ("*Peckerar II*").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 24-731-DMG (DFMx) | Date | March 31, 2025 |
|---|---|---|---|

| Title | *Amy Doucette, et al. v. Kia America Inc., et al.* | Page | 10 of 27 |

Here, Plaintiffs have provided facts behind their allegation that the 2023 Recall did not fix the alleged defect. Although Doucette did receive the fuse change, the defective ECA continues to potentially contaminate the PCB with fluid. The fuse change merely changed the nature of the defect's injury and safety risk from spontaneous fire to other troubling issues such as an inability to start or accelerate, or a sudden stall in a vehicle Doucette continues to drive. Kia did not replace her defective ECA since her diagnostic code was not triggered when she brought her Kia in. Furthermore, even if Kia did replace her ECA, it would be replaced with the same defective ECA—not an ECA that has been modified in some way to be defect-free. *See Peckerar II*, 2020 WL 6115083 at *3 (finding standing where the available replacement defective part is merely a new defective part). Since the 2023 Recall does not fully address Plaintiffs' alleged injury, this action is ripe, and Plaintiffs have standing to bring it.

### 2.    Choice of Law (Counts 1, 2, 3, 4, 5)

Kia moves to dismiss all of Plaintiffs' California claims because Massachusetts law applies under choice-of-law principles. Kia MTD at 17–21. Plaintiffs respond that Kia fails to carry its burden to demonstrate that Massachusetts law, rather than California law, applies to each claim. Opp. at 18–19.

### a.    Choice of Law Standard

A federal court sitting in diversity looks to the forum state's choice of law rules to determine the controlling substantive law. *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 589 (9th Cir. 2012). Under California law, the class action proponent first has the burden to show California has "significant contact or significant aggregation of contacts" to the claims of each class member. *Id.* (quoting *Wash. Mut. Bank v. Superior Court*, 24 Cal. 4th 906, 921 (Cal. 2001)). The burden then shifts to the defendants to demonstrate foreign law should apply to class claims. *Id.* at 590.

"California law may only be used on a classwide basis if 'the interests of other states are not found to outweigh California's interest in having its law applied.'" *Id.* (quoting *Wash. Mut. Bank.*, 24 Cal. 4th at 921. To make this determination, the court conducts a three-step governmental interest test:

First, the court determines whether the relevant law of each of the potentially affected jurisdictions with regard to the particular issue in question is the same or different.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 24-731-DMG (DFMx) | Date | March 31, 2025 |
|---|---|---|---|

| Title | *Amy Doucette, et al. v. Kia America Inc., et al.* | Page | 11 of 27 |
|---|---|---|---|

Second, if there is a difference, the court examines each jurisdiction's interest in the application of its own law under the circumstances of the particular case to determine whether a true conflict exists.

Third, if the court finds that there is a true conflict, it carefully evaluates and compares the nature and strength of the interest of each jurisdiction in the application of its own law to determine which state's interest would be more impaired if its policy were subordinated to the policy of the other state, and then ultimately applies the law of the state whose interest would be more impaired if its law were not applied.

*Id.* (quoting *McCann v. Foster Wheeler LLC*, 48 Cal. 4th 68, 81-82 (2010)). At each step, the party advocating for the application of foreign law bears the burden to "explain how each non-forum state's law differs from California law, whether each non-forum state has an interest in having its law applied, [and] whether each non-forum state has an interest outweighing California's interest." *Zinser v. Accufix Rsch. Inst., Inc.*, 253 F.3d 1180, 1188 (9th Cir. 2001).

### b.    Choice of Law Between California and Massachusetts

Applying the governmental interest test, the Court finds that Kia has met its burden of demonstrating that Massachusetts law applies in this case and Plaintiffs therefore are precluded from asserting claims under California consumer protection law. Kia argues three material differences in: (1) requirements in Mass. G.L. c. 93A under *Iannacchino*; (2) privity; and (3) damages.

Kia contends that Mass. G.L. c. 93A requires noncompliance with a specific regulation for plaintiffs to assert an economic-loss defect claim, while the CLRA, UCL, and FAL do not. Kia MTD at 19. Kia relies on *Iannacchino v. Ford Motor Co.*, 451 Mass. 623 (2008) for this argument. Kia is incorrect. The Massachusetts Supreme Court did not hold that *all* plaintiffs alleging economic-loss defect claims must allege non-compliance with a parallel regulation in a Mass. G.L. c. 93A claim. Rather, the plaintiffs in that case set forth a consumer action theory based upon regulatory noncompliance since there were no allegations of personal injury or property damage in the first instance. *Iannacchino*, 451 Mass. At 633. Here, Plaintiffs do not assert a theory of regulatory noncompliance. Plaintiffs have alleged a defective part which Kia has acknowledged is defective through the 2023 Recall. *See Baranco v. Ford Motor Co.*, 294 F. Supp. 3d 950, 962 (N.D. Cal. 2018) (distinguishing *Iannacchino* on the same basis).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 24-731-DMG (DFMx) | Date | March 31, 2025 |
|---|---|---|---|

| Title | *Amy Doucette, et al. v. Kia America Inc., et al.* | Page | 12 of 27 |

Kia alleges California UCL implied-warranty claims require privity, while Massachusetts law does not. Kia MTD at 19. According to Kia, Plaintiffs' implied-warranty claim would therefore be barred. Under California law, Kia is correct that a plaintiff asserting breach of implied warranty under Cal. Com. Code section 2314 "must stand in vertical contractual privity with the defendant." *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1023 (9th Cir. 2008). An end consumer who buys from a retailer is not in privity with a manufacturer. *Id.* There are, however, exceptions to the privity requirement. Plaintiffs assert they qualify for the exceptions: (1) where a plaintiff relies on written labels or advertisements of a manufacturer and (2) where plaintiff is a third party beneficiary.

The first exception is applicable and Plaintiffs sufficiently allege this reliance. *See id.* (citing *Burr v. Sherwin Williams Co.*, 42 Cal.2d 682, 696 (Cal. 1954)); Compl. at ¶ 304. As for the second, California courts are split on whether this exception exists. *See Antonyan v. Ford Motor Co.*, CV No. 21-945-DMG (RAOx), 2022 U.S. Dist. LEXIS 248949, at *7 (C.D. Cal. Aug. 11, 2022). This Court addressed this split in authority in *Antonyan* and *Klein* and concluded the third-party beneficiary exception does apply in California. *Id.* (quoting *Klein v. Ljubljana Inter Auto d.o.o., et al.*, CV No. 20-10079-DMG (JPRx) (C.D. Cal. Aug. 2, 2022). Plaintiffs qualify for both exceptions and therefore the difference in privity requirements between Massachusetts and California for Plaintiffs' implied-warranty claims is immaterial.

Finally, Kia asserts that Massachusetts law provides for treble damages for willful or knowing violations, but the CLRA and UCL do not. Kia MTD at 19 (citing Mass. G.L. c. 93A § 9(3), Cal. Civ. Code. § 1780(a), Cal Bus. & Prof. Code § 17203). Plaintiffs do not contest this. *See* Kia MTD Opp. at 18–19. The *Mazza* test considers material differences in remedies. *See Mazza*, 666 F.3d at 591 (finding the non-California state's treble damages an example of a material difference); *see also Miller v. Yucatan Foods, L.P.*, CV No. 17-1470-DMG (GJSx), 2017 WL 11635505, at *4 (C.D. Cal. Oct. 31, 2017) (finding the availability of punitive damages to be a material difference).

The difference in remedies between Massachusetts and California is material and therefore the Court proceeds to the second and third steps of the governmental interest test. *Mazza*'s analysis is controlling as to both of those steps. *Miller*, 2017 WL 11635505 at *4. Massachusetts has an interest in having its own laws applied, and the place of the alleged wrong (where Doucette purchased her vehicle) is Massachusetts. *See Mazza*, 666 F.3d at 593–594.

Kia's MTD to dismiss Plaintiffs' California claims (Counts 1, 2, 3, 4, and 5) against Kia is **GRANTED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 24-731-DMG (DFMx) | Date | March 31, 2025 |
| --- | --- | --- | --- |

| Title | *Amy Doucette, et al. v. Kia America Inc., et al.* | Page | 13 of 27 |
| --- | --- | --- | --- |

### 3.    Mass. G.L. c. 93A (Count 8)

#### a.    Injury or Loss

Kia moves to dismiss Plaintiffs' eighth cause of action under Mass G.L. c. 93A for failure to state a claim.  Mass. G.L. c. 93A prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce."  Mass. G.L. c. 93A § 2.  A consumer must have "been injured by another person's use or employment of" an unfair or deceptive act or practice.  *Iannacchino*, 451 Mass. At 629; Mass. G.L. c. 93A § 9(1).  Plaintiffs allege Kia violated Mass G.L. c. 93A by "knowingly and intentionally misrepresenting, omitting, concealing, and/or failing to disclose material facts regarding the quality, reliability, and safety" of the vehicles and alleged defect.  Compl. at ¶ 355.  If Plaintiffs knew of the alleged defect, they would not have purchased or leased the vehicles or they would have paid significantly less for them.  *Id.* at ¶ 362, 364.

As explained *supra*, *Iannacchino* does not require in all instances that plaintiffs allege noncompliance with a regulation.  *See supra* Part III(B)(2).  But Plaintiffs must sufficiently plead an injury or loss.  They have done so here.  Plaintiffs do not claim the ECA is defective for noncompliance with a regulation, or that Doucette has personally experienced issues with her vehicle, or that other parts of her vehicle have been damaged as a result of the defect.  Plaintiffs *do* allege a benefit of the bargain theory based upon the defect, whose existence Kia acknowledged through the 2023 Recall.  Massachusetts consumer law recognizes economic injury under G.L. c. 93A section 9(1) if the consumer continues to possess a product that does not deliver the benefit of the bargain.  *See Bellermann v. Fitchburg Gas & Elec. Light Co.*, 475 Mass. 67, 75 (2016).

#### b.    Rule 9(b)

Federal Rule of Civil Procedure Rule 9(b) applies to Mass G.L. c. 93A claims that involve fraud.  *Mulder v. Kohl's Dep't Stores, Inc.*, 865 F.3d 17, 21 (1st Cir. 2017).  Rule 9(b) requires plaintiffs "state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  The circumstances to be stated with particularity consist of the "who, what, where, and when" of the allegedly misleading representation.  *Dumont v. Reily Foods Co.*, 934 F.3d 35, 38 (1st Cir. 2019).

"[W]hen a claim rests on a fraudulent omission, Rule 9(b)'s heightened pleading requirements are relaxed because a plaintiff cannot plead either the specific time or place of the omission."  *Shamamyan v. FCA US LLC*, CV No. 19-5422-DMG (FFMx), 2020 WL 3643481, at *6 (C.D. Cal. Apr. 1, 2020) (citing *Huntair, Inc. v. Gladstone*, 774 F. Supp. 2d 1035, 1044 (N.D.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 24-731-DMG (DFMx) | | Date | March 31, 2025 |
|---|---|---|---|---|

| Title | *Amy Doucette, et al. v. Kia America Inc., et al.* | | Page | 14 of 27 |
|---|---|---|---|---|

Cal. 2011)). "[A] plaintiff in a fraudulent concealment suit will not be able to specify the time, place, and specific content of an omission as precisely as would a plaintiff in a false representation claim." *Cho v. Hyundai Motor Co., Ltd.*, 636 F. Supp. 3d 1149, 1165 (C.D. Cal. 2022) (quoting *Baggett v. Hewlett-Packard Co.*, 582 F. Supp. 2d 1261, 1267 (C.D. Cal. 2007)). The fraud must still be pled with particularity. *Id.* To plead fraud by omission with particularity, "plaintiff must describe the content of the omission and where the omitted information should or could have been revealed, as well as provide representative samples of advertisements, offers, or other representations that plaintiff relied on to make her purchase and that failed to include the allegedly omitted information." *Shamamyan*, 2020 WL 3643481 at *6 (quoting *Marolda v. Symantec Corp.*, 672 F. Supp. 2d 992, 1002 (N.D. Cal. 2009)).

In this case, Plaintiffs have sufficiently pled their fraud claim with particularity. The "who" (Kia) or "what" (the defect) are not in question. Regarding "where" and "when," Plaintiffs allege Doucette researched vehicles and heard, viewed, and/or read Kia marketing materials and advertisements. Compl. at ¶ 39. Plaintiffs set forth in detail various marketing materials specifically for the vehicle models at issue and allege where the omitted information should have been provided. Compl. at ¶ 82–96. These allegations are sufficient to survive a motion to dismiss. *Compare Cho*, 636 F. Supp. 3d at 1165 (finding allegations that plaintiffs researched websites, read marketing and promotional materials, spoke with sale representatives, and saw stickers sufficient) *with Shamamyan*, 2020 WL 3643481 at *6 (dismissing under Rule 9 where plaintiff's allegations were of "unidentified representations" at "unknown times" in a generalized advertising campaign through generic advertising materials).

### c.    Knowledge

Kia argues under Rule 9 that Plaintiffs must allege Kia had knowledge of the omitted facts. Kia MTD at 24. Kia relies on an unpublished district court order for this requirement. *See* Kia MTD at 24 (citing *Schneider v. BMW of N. Am., LLC*, CV No. 18-12239, 2022 WL 1310457, at *13 (D. Mass. Apr. 22, 2022)). As a threshold matter, the Court will set forth where and how knowledge is required in a Mass G.L. c. 93A claim.

Mass G.L. c. 93A claims premised on deceptive acts require the plaintiff to allege "(1) a deceptive act or practice on the part of the seller; (2) an injury or loss suffered by the consumer; and (3) a causal connection between the seller's deceptive act or practice and the consumer's injury." *Tomasella v. Nestle USA, Inc.*, 962 F.3d 60, 71 (1st Cir. 2020) (internal quotation omitted). Deceptive acts or practices under Massachusetts law span from affirmative misrepresentations to nondisclosures. *Id.* A nondisclosure, or omission, "is the failure to disclose to another a fact that one knows may justifiably induce the other to act or refrain from acting in a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 24-731-DMG (DFMx) | Date | March 31, 2025 |
|---|---|---|---|

| Title | *Amy Doucette, et al. v. Kia America Inc., et al.* | Page | 15 of 27 |
|---|---|---|---|

business transaction if one is under a duty to the other to exercise reasonable care to disclose the matter in question." *Id.* at 71–72 (internal punctuation and quotations removed).

Here, Plaintiffs allege a nondisclosure theory based upon Kia's duty to disclose. Compl. at ¶ 356. This duty is based upon, in pertinent part, Kia's superior knowledge of the defect, knowledge that the defect gave rise to safety concerns, and knowledge the defect would be a material fact. *Id.* If this knowledge is what Kia attacks, under Rule 9, knowledge may be alleged generally. Fed. R. Civ. P. 9(b). Plaintiffs have satisfied this standard. Plaintiffs allege Kia conducted specific pre-sale testing and quality control checks plausibly related to the defect. Compl. at ¶¶ 133–143. Furthermore, the same ECA was recalled in 2018 by Kia and there have been other prior PCB contamination recalls. Compl. at ¶¶ 119–122, 144–151. Kia was at least on notice of ECA defect issues, and Plaintiffs plausibly allege that Kia was monitoring safety issues and should have specifically monitored *this* issue and *this* part, which it previously found defective. These allegations adequately allege that Kia had knowledge of the defect. *See* Kia MTD Opp. at 24–25.

Kia's MTD to dismiss Plaintiffs' claim under Mass. G.L. c. 93A (Count 8) is **DENIED**.

### 4. Breach of Implied Warranty of Merchantability (Count 9)

Kia moves to dismiss Plaintiffs' claim for breach of the implied warranty of merchantability under Mass. G.L. c. 106 sections 2-314 and 2A-212. Kia MTD at 26–27.

Kia's argument under *Iannacchino* against Plaintiffs' Mass G.L. c. 93A claim fails here for the same reasons discussed *supra*. *See supra* Part III(B)(3)(a).

As for Kia's argument that the defect is merely a theoretical risk of failure, the Court is unconvinced. Mass G.L. c. 106 section 2-314 provides an implied warranty that goods shall be merchantable, and goods shall be merchantable when they are "fit for the ordinary purposes for which such goods are used." Mass G.L. c. 106 § 2-314(2)(c). The question of fitness is viewed from the reasonable expectations of an ordinary user or purchaser. *BASF Corp. v. Sublime Restorations, Inc.*, 880 F. Supp. 2d 205, 217 (D. Mass. 2012) (citing *Wasylow v. Glock, Inc.*, 975 F. Supp. 370 (D. Mass. 1996), and *Venezia v. Miller Brewing Co.*, 626 F.2d 188, 190 (1st Cir. 1980)).

"The ordinary purpose of a vehicle is to provide safe, reliable transportation." *McCabe v. Ford Motor Co.*, 720 F. Supp. 3d 14, 25 (D. Mass. 2024). For automobiles under Massachusetts law, the defect must be "so basic as to render the vehicle unfit for its ordinary purpose of providing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 24-731-DMG (DFMx) | Date | March 31, 2025 |
|---|---|---|---|

| Title | *Amy Doucette, et al. v. Kia America Inc., et al.* | Page | 16 of 27 |
|---|---|---|---|

safe, reliable transportation." *Id.* Here, even after the 2023 Recall, the ECA's defect of potentially contaminating the PCB remains and may result in a sudden loss of power (instead of a spontaneous fire). *See id.* (finding a sudden loss of power may not be capable of providing safe and reliable transportation). Plaintiffs have sufficiently alleged their breach of implied warranty claim under Massachusetts law.

Kia's MTD to dismiss Plaintiffs' claim for breach of the implied warranty of merchantability under Mass G.L. c. 106 sections 2-314 and 2A-212 (Count 9) is **DENIED**.

## 5. Breach of Express Warranty (Count 10)

Kia moves to dismiss Plaintiffs' claim for breach of the 10-year/100,000 mile Hybrid System Warranty under Mass. G.L. c. 106 sections 2-313, 2A-103 and 2A-210. Kia MTD at 27–28; Compl. at ¶¶ 395, 412. In sum, the warranty covers repair or replacement of hybrid system components originally manufactured or installed by Kia that are found to be defective. Compl. at ¶ 395. Plaintiffs allege this warranty was breached since the ECA is defective and Kia failed to provide an adequate repair with the 2023 Recall. Compl. at ¶¶ 396, 413.

Kia does not dispute that the ECA may qualify under the applicable Hybrid System Warranty. Instead, Kia argues Plaintiffs' claim fails because Doucette did not experience a problem with her vehicle and did not bring her vehicle in for any warranty repair. Kia MTD at 27. "Failure to present a product to the manufacturer for repair or replacement precludes a claim for breach of express warranty." *McCabe v. Ford Motor Co.*, 720 F. Supp. 3d 14, 23 (D. Mass. 2024). Doucette brought her vehicle to Ron Bouchard Kia specifically to receive the remedy offered in the 2023 Recall. Compl. at ¶ 45. Plaintiffs have sufficiently alleged at this stage in the case that the ECA qualifies for the Hybrid System Warranty and Kia breached this warranty by not replacing it when Doucette brought her car in for repair pursuant to the 2023 Recall. The fact that Doucette did not bring her vehicle to Ron Bouchard Kia a *second* time to presumably receive the same response is irrelevant, and Kia's cited authority for the proposition that all express warranty claims must involve at least two repair attempts is unpersuasive. *See* Kia MTD at 27.

Kia's MTD to dismiss Plaintiffs' claim for breach of the express Hybrid System Warranty (Count 10) is **DENIED**.

## 6. Strict Products Liability (Count 6)

"Massachusetts law follows the traditional economic loss rule." *Rule v. Fort Dodge Animal Health, Inc.*, 604 F. Supp. 2d 288, 292 (D. Mass. 2009), *aff'd*, 607 F.3d 250 (1st Cir. 2010) (internal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 24-731-DMG (DFMx) | | Date | March 31, 2025 |
|---|---|---|---|---|
| Title | *Amy Doucette, et al. v. Kia America Inc., et al.* | | Page | 17 of 27 |

quotations removed). Purely economic losses cannot be recovered in tort and strict liability actions without personal injury or property damage. *Id.*; *see also FMR Corp. v. Bos. Edison Co.*, 415 Mass. 393, 395 (1993). Recovery is permitted "only where that economic loss is caused by harm to: (a) the plaintiff's person; (b) the person of another when harm to the other interferes with an interest of the plaintiff protected by tort law; or (c) the plaintiff's property other than the defective product itself." *Rule*, 604 F. Supp. 2d at 292 (internal quotations removed).

Kia contends Plaintiffs have failed to allege personal injury or property damage. Kia MTD at 28–29. Plaintiffs in turn claim: (1) the defect causes damage to other parts in the vehicle, or property located within the vehicles, as a result of fire (Compl. at ¶ 340) and (2) the defect poses a safety risk (Compl. at ¶ 123). These claims, however, are inchoate. Doucette has not experienced any issues with her ECA, including fires or stalls, and no other property has been damaged. In the context of the economic loss rule, this would bar her strict liability claims. *See Rule*, 604 F. Supp. 2d at 292 (dismissing products liability claim where dog medication did not cause any harmful side effects and plaintiff did not allege her dog became infected with what the medication was meant to prevent).

The economic loss rule, however, does not apply to "pecuniary loss incurred as a result of an actionable misrepresentation." *Passatempo v. McMenimen*, 461 Mass. 279, 302 (2012) (citing *Nota Constr. Corp. v. Keyes Assocs., Inc.*, 45 Mass. App. Ct. 15, 20–21 n.1 (1998)); *see also Softub, Inc. v. Mundial, Inc.*, 53 F. Supp. 3d 235, 260 (D. Mass. 2014) ("[c]laims for intentional and negligent misrepresentation are [exempt from] the economic loss doctrine"). Here, Plaintiffs have sufficiently alleged misrepresentation by non-disclosure of the defect, which plausibly constitutes an actionable misrepresentation through omission. Therefore, the economic loss rule does not bar their claims.[6] *See supra* Part III(B)(3).

Kia's MTD to dismiss Plaintiffs' claim for strict products liability (Count 6) against Kia is **DENIED**.

### 7.    Injunctive Relief and Unjust Enrichment Claim (Count 7)

Kia moves to dismiss Plaintiffs' request for injunctive relief and equitable claim for unjust enrichment. Kia MTD at 29. Plaintiffs request injunctive relief through an order requiring Defendants to repair and/or recall the vehicles and extend the warranty, or provide curative notice regarding the defect. Compl. at c. Plaintiffs plead unjust enrichment separately and in the

---

[6] The Court reaches the same result under California law. *See Jiminez v. Super. Ct.*, 29 Cal. 4th 473, 483 (2002) (setting forth the same economic loss rule); *Rattagan v. Uber Techs., Inc.*, 17 Cal. 5th 1, 38 (2024) (ruling claims for fraudulent concealment are exempt from the economic loss rule in California).

**CIVIL MINUTES—GENERAL**    Initials of Deputy Clerk DD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 24-731-DMG (DFMx) | Date | March 31, 2025 |
|---|---|---|---|

| Title | *Amy Doucette, et al. v. Kia America Inc., et al.* | Page | 18 of 27 |
|---|---|---|---|

alternative to their claim for damages under Fed. R. Civ. P. 8(a)(3). Compl. at ¶ 349. Under California law, unjust enrichment is a quasi-contract claim for restitution. *Barrett v. Optimum Nutrition*, CV No. 21-4398-DMG (SKx), 2022 WL 2035959, at *6 (C.D. Cal. Jan. 12, 2022) (citing *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015)).

Kia cites to *Sonner* for its argument that the Court must dismiss Plaintiffs' unjust enrichment claim since Plaintiffs have not alleged that they lack an adequate remedy at law. *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834 (9th Cir. 2020). Plaintiffs' rebuttal that they may plead restitution in the alternative has been rejected by several courts post-*Sonner*. *See Barrett*, 2022 WL 2035959 at *5 (collecting cases). Plaintiffs have not alleged they lack an adequate remedy at law, and do not argue otherwise. *See* Kia MTD Opp. at 28.[7] As for Plaintiffs' injunctive relief, this relief is future-looking and the ECA in her vehicle remains defective with the possibility of danger—money damages are an inadequate remedy for future harm. *See Barrett*, 2022 WL 2035959 at *5 n.8 (denying motion to dismiss claims for injunctive relief).

Kia's MTD is **GRANTED** as to Plaintiffs' claim for unjust enrichment (Count 7) but **DENIED** as to Plaintiffs' claim for injunctive relief. Because it is uncertain whether Plaintiffs could amend the Complaint to plead they lack an adequate remedy at law (and elect to drop the damages claims), the Court **GRANTS leave to amend**.

**C.      Hyundai's Motion to Dismiss**

**1.      Choice of Law (Counts 1, 2, 3, 4, and 5)**

The same governmental interest test in *Mazza* applies to Hyundai's MTD. *See supra* Part III(B)(2)(a). The Court will proceed through the same analysis as to the differences between California and Georgia law. Hyundai argues Georgia law materially differs from California's in three ways: (1) the reliance required; (2) damages available; and (3) privity requirements under express and implied warranty claims. Hyundai MTD at 13–18.

Under California law, plaintiffs must establish "actual reliance" to have standing to bring UCL, FAL, and CLRA claims. *In re ZF-TRW Airbag Control Units Prod. Liab. Litig.*, 601 F. Supp. 3d 625, 765 (C.D. Cal. 2022). Under Georgia law, Plaintiffs bring GFBPA and GUDTPA claims. GFBPA claims require "justifiable reliance." *Amin v. Mercedes-Benz USA, LLC*, 301 F.

---

[7] Equitable remedies in federal court are subject to traditional equitable principles unaffected by state law. *Sonner*, 971 F.3d at 841. Accordingly, these equitable principles bar Plaintiffs' claim for unjust enrichment individually, on behalf of the Nationwide class, and alternatively on behalf of the Massachusetts and Georgia classes. *See infra* Part III(C)(3).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 24-731-DMG (DFMx)** | | Date | March 31, 2025 |
|---|---|---|---|---|

| Title | ***Amy Doucette, et al. v. Kia America Inc., et al.*** | | Page | 19 of 27 |
|---|---|---|---|---|

Supp. 3d 1277, 1289 (N.D. Ga. 2018) (citing *Crown Ford, Inc. v. Crawford*, 221 Ga. App. 881, 473 S.E.2d 554, 557 (1996)). A GUDPA claim is for injunctive relief and requires only the allegation of a likelihood of future harm by a deceptive trade practice, with no mention of any reliance requirement. *Amin*, 301 F. Supp. 3d at 1293. These distinctions between actual and justified reliance, and no reliance required under GUDPA, are material differences between California and Georgia law.

As for damages, the GFBPA provides for treble damages, while the UCL, FAL, and CLRA do not. Ga. Code Ann. § 10-1-399(c) ("[A] court shall award three times actual damages for an intentional violation."). This too constitutes a material difference between California and Georgia law.

The Court discusses in greater detail *infra* that California claims require privity between the manufacturer (Hyundai and Kia) and the purchaser (Plaintiffs), and why Plaintiffs' (here, Tongue) lack of privity would not bar her implied warranty claim. Implied warranty of merchantability claims under Ga. Code. Ann. section 11-2-314 also require privity. *Lamb v. Georgia-Pac. Corp.*, 194 Ga. App. 848, 850 (1990). Georgia law has an exception to privity "where an automobile manufacturer, through its authorized dealer issues to a purchaser . . . a warranty by the manufacturer running to the purchaser." *McClure v. Toyota Motor Corp.*, -- F. Supp. 3d --, CV No. 22-3898-SEG, 2024 WL 5330725, at *9 (N.D. Ga. Dec. 11, 2024) (quoting *Chrysler Corp. v. Wilson Plumbing Co.*, 132 Ga. App. 435 (1974)). This exception applies to second-hand vehicles. *Id.* Tongue qualifies for this exception because she purchased her second-hand vehicle from an authorized dealer. Therefore, her lack of privity with Hyundai does not bar her claim under either California or Georgia law.

As for the second and third steps of the governmental interest test, *Mazza*'s analysis is again controlling here. *Miller*, 2017 WL 11635505 at *4. Georgia has an interest in having its own laws applied, and the place of the alleged wrong (where Tongue purchased her vehicle) is Georgia. *See Mazza*, 666 F.3d at 593–594.

Hyundai's MTD to dismiss Plaintiffs' California claims (Counts 1, 2, 3, 4, and 5) against Hyundai is **GRANTED**. The Court need not address Tongue's alleged lack of standing for the California claims. *See* Hyundai MTD at 17–18.

###    2.    Strict Products Liability (Count 6)

Ga. Code. Ann. section 51-1-11(b) provides a cause of action for strict products liability in Georgia. The plaintiff must show: (1) the manufacturer sold the product; (2) when sold, the

---

**CIVIL MINUTES—GENERAL**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 24-731-DMG (DFMx) | | Date | March 31, 2025 |
|---|---|---|---|---|

| Title | *Amy Doucette, et al. v. Kia America Inc., et al.* | | Page | 20 of 27 |
|---|---|---|---|---|

product was not merchantable and reasonably suited for its intended use (i.e., defective); and (3) the defective product was a proximate cause of the injury. Ga. Code. Ann. § 51-1-11(b); *see Andrews v. Autoliv Japan, Ltd.*, 669 F. Supp. 3d 1273, 1296 (N.D. Ga. 2021), *amended in part*, CV No. 14-3432-SCJ, 2022 WL 16753148 (N.D. Ga. Sept. 30, 2022). Authority cited by both sides is inapplicable. *See* Hyundai MTD at 18; Hyundai Opp. at 27–28.

Hyundai argues Tongue has not alleged any injury under Ga. Code. Ann. section 51-1-11(b). Hyundai MTD at 18. Tongue alleges she experienced engine performance issues and brought her vehicle to Rick Case Hyundai, which did not replace her ECA. Compl. at ¶ 56. At this stage in the case, it is plausibly alleged that Tongue's engine issues are connected to the defect.

Hyundai's MTD to dismiss Plaintiffs' strict products liability claim (Count 6) is **DENIED**.

### 3.    Unjust Enrichment (Count 7)

As discussed *supra*, equitable remedies in federal court are subject to traditional equitable principles unaffected by state law. *See supra* Part III(B)(7). Kia's MTD is **GRANTED** as to Plaintiffs' claim for unjust enrichment (Count 7) against Hyundai for the same reasons. Because it is uncertain whether Plaintiffs could amend the Complaint to plead they lack an adequate remedy at law (and elect to drop the damages claims), the Court **GRANTS leave to amend**.

### 4.    Breach of Express Warranty (Count 11)

Hyundai moves to dismiss Plaintiffs' claim for breach of the 10-year/100,000 mile Hybrid System Warranty under Ga. Code. Ann. sections 11-2-313 and 11-2A-210. Hyundai MTD at 20–22; Compl. at ¶¶ 409–412. In sum, the warranty covers "repair or replacement of Hybrid System components" "found to be defective." Compl. at ¶ 412. Components covered by this warranty include, in pertinent part, those "directly attached to or integral to operation of the Hybrid Battery" and the "Auto Transmission & Traction Motor including housing case." Compl. at ¶ 412.

Express warranties are formed under Ga. Code Ann. section 11-2-313 where any (1) affirmation of fact or promise related to the goods, (2) description of the goods, or (3) sample or model is made part of the basis of the bargain. *Carder v. Graco Children's Prods., Inc.*, 558 F. Supp. 3d 1290, 1316 (N.D. Ga. 2021), *on reconsideration in part*, CV No. 20-00137-LMM, 2021 WL 9721143 (N.D. Ga. Nov. 18, 2021) (internal punctuation removed). Hyundai argues Tongue fails to sufficiently allege any affirmations, descriptions, samples or models, since all representations by Hyundai alleged in the Complaint are "non-actionable puffery." Hyundai MTD at 20.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 24-731-DMG (DFMx) | Date | March 31, 2025 |
|---|---|---|---|

| Title | *Amy Doucette, et al. v. Kia America Inc., et al.* | Page | 21 of 27 |
|---|---|---|---|

Ga. Code Ann. section 11-2-313 proscribes:

It is not necessary to the creation of an express warranty that the seller use formal
words such as "warrant" or "guarantee" or that he have a specific intention to make
a warranty, but an affirmation merely of the value of the goods or a statement
purporting to be merely the seller's opinion or commendation of the goods does not
create a warranty.

Here, Plaintiffs have sufficiently alleged at this stage affirmations beyond puffery.
Plaintiffs point to Hyundai marketing brochures and press releases for the vehicles at issue.
Compl. at ¶¶ 84–89. The affirmations viewed in the light most favorable to Plaintiffs go beyond
mere puffery and affirm the vehicle's fuel efficiency, powertrain performance, and up to date
safety technology. Compl. at ¶¶ 85–89; *accord Carder*, 558 F. Supp. 3d at 1316 (denying a motion
to dismiss based, in part, on website representations and marketing materials). The statements
here are distinguishable from the puffery in *Paws Holdings, LLC*, and *Aprigliano* is inapplicable
since it involved Florida law. *See* Kia MTD at 20–21 (citing *Paws Holdings, LLC v. Daikin Indus.,
Ltd.*, No. CV 11-6058, 2017 WL 706624, at *15 (S.D. Ga. Feb. 22, 2017) (finding statements of
"reliable operation" and "low cost maintenance and service" are puffery) and *Aprigliano v. Am.
Honda Motor Co.*, 979 F. Supp. 2d 1331, 1341 (S.D. Fla. 2013) (discussing express warranty
requirements under Florida law).

As for the Hybrid System Warranty here, Hyundai argues Plaintiffs fail to allege the ECA
qualifies as a part covered by the warranty. Hyundai MTD at 21. Specifically, since the Hybrid
System Warranty is limited to Hybrid components "directly attached to or integral to operation of
the Hybrid Battery" (Compl. at ¶ 412), Hyundai argues Plaintiffs have not linked the ECA to the
Hybrid Battery. Hyundai MTD at 21. Instead, Hyundai claims the ECA is part of the dual-clutch
transmission ("DCT"), which is a component of the powertrain. Hyundai MTD at 21.

The Court finds Plaintiffs have plausibly alleged the ECA qualifies for the Hybrid System
Warranty. *See* Hyundai MTD Opp. at 17. The ECA controls when the vehicle switches between
ICE and electric power, which could be "integral to" operation of the Hybrid Battery. The ECA
may be distinct from the DCT and therefore not a part of the powertrain. *See* Hyundai MTD Opp.
at 17. Furthermore, even if the ECA is part of the DCT, it may qualify in the same warranty under
"Auto Transmission" instead. *See* Hyundai MTD Opp. at 17.

Hyundai's argument that Tongue does not qualify for the powertrain New Vehicle Limited
Warranty because it is limited to 5 years/60,000 miles instead of the 10 year/100,000 mile Hybrid
System Warranty therefore also fails. *See* Hyundai MTD at 21–22. Tongue brought her vehicle

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 24-731-DMG (DFMx) | Date | March 31, 2025 |
|---|---|---|---|

| Title | *Amy Doucette, et al. v. Kia America Inc., et al.* | Page | 22 of 27 |

to Rick Case Hyundai approximately seven months after she purchased it and at 95,000 miles. *See* Compl. at ¶¶ 47, 56.

Hyundai's MTD to dismiss Plaintiffs' breach of express warranty claim (Count 11) against Hyundai is **DENIED**.

### 5.    Breach of Implied Warranty of Merchantability (Count 12)

Hyundai moves to dismiss Plaintiffs' breach of implied warranty of merchantability claim under Ga. Code. Ann. section 11-2-314. As discussed *supra*, Tongue qualifies for an exception to the privity requirement under Georgia law. *See supra* Part III(C)(1). Hyundai's MTD to dismiss Plaintiffs' breach of implied warranty (Count 12) against Hyundai is **DENIED**.

### 6.    Georgia's Uniform Deceptive Trade Practices Act ("GUDTPA") (Count 13)

Hyundai moves to dismiss Plaintiffs' GUDTPA claim for: (1) failure to bring a Lanham Act claim; (2) failure to plausibly allege GUDTPA elements require under Ga. Code. Ann. section 10-1-372; and (3) failure to establish a likelihood of future harm for GUDTPA's injunctive relief.

First, Hyundai does not provide any authority for the assertion that a court should dismiss a GUDTPA claim merely because a plaintiff did not allege an analogous federal Lanham Act claim. *See* Hyundai MTD at 23; Hyundai MTD Reply at 19. Hyundai's cited cases are inapplicable. *See Downing v. IOU Cent., Inc.*, CV No. 19-929-MLB (JKLx), 2019 WL 3502915, at *10–11 (N.D. Ga. May 29, 2019), *report and recommendation adopted*, CV No. 19-0929-SDG, 2020 WL 7409660 (N.D. Ga. Mar. 25, 2020) (analyzing the analogous claims under *Rooker-Feldman*); *Kason Indus., Inc. v. Component Hardware Grp.*, Inc., 120 F.3d 1199, 1203 (11th Cir. 1997) (analyzing the analogous claims to determine the statute of limitations for plaintiff's Lanham Act claim); *see also Grumet v. Pro. Acct. Mgmt., LLC*, CV No. 13-01019-RLV (GGBx), 2013 WL 12382693, at *13 (N.D. Ga. Dec. 18, 2013), *report and recommendation adopted*, CV No. 13-1019-RLV, 2014 WL 12859841 (N.D. Ga. Feb. 4, 2014) (analyzing a GUDTPA claim without any Lanham Act claim alleged).

Second, Plaintiffs have sufficiently alleged the elements of a GUDTPA claim. Ga. Code Ann. §§ 10-1-372(a)(2), (5), (7), (9), (12).[8] Specifically, Plaintiffs allege Hyundai owed them a

---

[8] Under the relevant subsections, GUDTPA requires proof that Hyundai "(2) [c]ause[d] likelihood of confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services", "(5) [r]epresent[ed] that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 24-731-DMG (DFMx) | Date | March 31, 2025 |
|---|---|---|---|

| Title | *Amy Doucette, et al. v. Kia America Inc., et al.* | Page | 23 of 27 |

duty to disclose all material facts concerning the alleged defect and Hyundai made incomplete representations about the safety and reliability of the vehicles based on advertising materials. Compl. at ¶¶ 446, 448. As explained *supra*, Plaintiffs have alleged specific marketing materials and press releases. *See supra* Part III(C)(4). Furthermore, Hyundai does not dispute Plaintiffs plausibly alleged the ECA in the Hyundai vehicles is the same ECA found in the Kia vehicles— for which Kia issued the 2023 Recall. This is more than a mere "citation to the [G]UDTPA." *See Hernandez Auto Painting & Body Works, Inc. v. State Farm Mut. Auto. Ins. Co.*, CV No. 408-256, 2009 WL 2952066, at *4 (S.D. Ga. Sept. 14, 2009); Hyundai MTD at 23.

Third, Plaintiffs have also sufficiently alleged the likelihood of future harm. Under GUDTPA, which only provides for injunctive relief, a plaintiff must allege and present evidence showing a likelihood of future harm by the deceptive trade practice. *Amin*, 301 F. Supp. 3d at 1293; Ga. Code Ann. § 10-1-373(a). The district court's order in *Amin* is instructive.

The plaintiffs in *Amin* alleged a design defect in the vehicle's HVAC system. *Amin*, 301 F. Supp. 3d at 1281. Upon review of Georgia law, the district court found that plaintiffs' allegations about the reoccurrence of the damage from the design defect would not qualify as future harm because the reoccurring damage would be a result of the *previously alleged* deceptive trade practice. *Id.* at 1294. In other words, the possibility of Tongue's ECA causing problems in the future is insufficient since that harm is derived from the previously alleged deceptive trade practice (the advertisements). The district court reasoned, however, that if the plaintiffs alleged they would likely buy another class vehicle, and therefore be misled *again* by the defendant's advertising, that would qualify as future harm. *Id.* Tongue has claimed so here. *See* Compl. at ¶ 54.[9]

The district court went on to consider another argument by the plaintiffs—that they will periodically continue to take their vehicles for maintenance of the defect and the defendant will continue to deny existence of the defect and charge them for non-permanent solutions. *Amin*, 301 F. Supp. 3d at 1294. Plaintiffs therefore were likely to suffer future harm through these continued maintenance visits. *Id.* Here, Plaintiffs make a similar argument but fail to plausibly allege facts to support it. *See* Hyundai MTD Opp. at 25. Tongue's initial engine issues led her to visit Rick

---

quantities that they do not have; "(7) [r]epresent[ed] that goods or services are of a particular standard, quality, or grade"; (9) "[a]dvertise[d] goods or services with intent not to sell them as advertised;" or "(12) [e]ngage[d] in any other conduct which similarly creates a likelihood of confusion or of misunderstanding."

[9] Tongue's claim that she is likely to purchase another Hyundai vehicle in the future stands in contrast to Tongue's claim that she cannot afford another vehicle. *See* Compl. at ¶¶ 54, 57. At this stage of the case, however, it is plausible that Tongue may *currently* be unable to replace her vehicle while seriously considering purchase of a Hyundai vehicle in the future.

**CIVIL MINUTES—GENERAL**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 24-731-DMG (DFMx) | Date | March 31, 2025 |
|---|---|---|---|

| Title | *Amy Doucette, et al. v. Kia America Inc., et al.* | Page | 24 of 27 |
|---|---|---|---|

Case Hyundai for a repair, but she does not allege any intention to visit again or that her vehicle continues to have any issues including in engine performance.

Since Tongue has sufficiently alleged the likelihood of purchasing another Hyundai vehicle in the future, thereby subjecting her to the likelihood of being misled again by Hyundai's deceptive trade practice, Plaintiffs' GUDTPA claim survives. Hyundai's MTD to dismiss Plaintiffs' GUDTPA claim (Count 13) is **DENIED**.

**7.    Georgia's Fair Business Practices Act ("GFBPA") (Count 14)**

The GFBPA prohibits "[u]nfair or deceptive acts or practices in the conduct of consumer transactions and consumer acts or practices in trade or commerce." Ga. Code Ann. § 10-1-393. Plaintiffs allege Hyundai misrepresented the vehicles as safe and reliable and free from defect and failed to disclose the dangers and risks of the defect. Compl. at ¶ 462. Plaintiffs claim Hyundai therefore represented the vehicles have characteristics, uses, benefits, and qualities they lack, represented the vehicles are of a particular standard, quality, and grade when they are not, and advertised the vehicles with the intent not to sell or lease them as advertised. *Id.*; Ga. Code Ann. § 10-1-393(b).

Hyundai moves to dismiss Plaintiffs' GFBPA claims because: (1) the GFBPA requires affirmative representations; (2) Plaintiffs fail to meet Rule 9(b)'s specificity requirements; and (3) Plaintiffs fail to plead Hyundai had pre-sale knowledge of the defect.

**a.    Affirmative Representations**

Hyundai argues GFBPA claims under Ga. Code Ann. sections 10-1-393(b)(5), (7), and (9) are limited to affirmative representations based upon the plain language of the statute. *See* Hyundai MTD at 24–25; Hyundai MTD Reply at 23. The statute states in relevant part:

(b) . . . [T]he following practices are declared unlawful:

(5) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that he or she does not have;

(7) Representing that goods or services are of a particular standard, quality, or grade or that goods are of a particular style or model, if they are of another;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 24-731-DMG (DFMx) | Date | March 31, 2025 |
|---|---|---|---|

| Title | *Amy Doucette, et al. v. Kia America Inc., et al.* | Page | 25 of 27 |
|---|---|---|---|

(9) Advertising goods or services with intent not to sell them as advertised;

Ga. Code Ann. §§ 10-1-393(b)(5), (7), (9).  Hyundai asks the Court to bar all omission-based GFBPA claims under these subsections without citing any authority in support.  The Court declines to do so.  Other courts have recognized omission-based GFBPA claims.  *See, e.g.*, *Nalley v. Gen. Motors LLC*, CV No. 21-04174-WMR, 2022 U.S. Dist. LEXIS 236834, at *20 (N.D. Ga. Aug. 30, 2022) (denying motion to dismiss GFBPA claim based on an omitted vehicle defect); *In re Arby's Rest. Grp. Inc. Litig.*, CV No. 17-0514-AT, 2018 WL 2128441, at *21 (N.D. Ga. Mar. 5, 2018) (granting leave to amend a GFBPA claim based in part on omissions).

### b.    Rule 9(b)

Hyundai cites to no binding authority that Plaintiffs must comply with Rule 9(b) in alleging GFBPA claims.  *See In re Arby's Rest. Grp. Inc. Litig.*, 2018 WL 2128441, at *20.  The district court in *In re Arby's* found none, and this Court echoes this finding.  *Id.* (collecting cases).  Since the GFBPA "must be liberally construed and interpreted consistently with the parallel [Federal Trade Commission Act] case law," which the Eleventh Circuit has held is not subject to Rule 9(b), the Court finds Rule 9(b) does not apply to Plaintiffs' GFBPA claim.  *Id.*

### c.    Knowledge

A GFBPA claim has three elements: (1) a violation of the GFBPA, (2) causation, and (3) injury.  *McClure v. Toyota Motor Corp.*, CV No. 22-3898-SEG, 2024 WL 5330725, at *16 (N.D. Ga. Dec. 11, 2024).  It does not, as the Georgia Court of Appeals in *Regency Nissan* ruled, include two elements required elsewhere in the common law tort of misrepresentation: scienter (knowledge of the deception) and intent to deceive.  *Regency Nissan, Inc. v. Taylor*, 194 Ga. App. 645, 647 (1990); *see also Crown Ford, Inc. v. Crawford*, 221 Ga. App. 881, 883 (1996) ("A violation of the [GFBPA] requires no knowledge of the deception or intent to deceive.").[10]  *See accord Ledford v. Ebarle Mktg. Servs., Inc.*, CV No. 24-188-MTT, 2025 WL 697195, at *4 (M.D. Ga. Mar. 4, 2025); *Campbell v. Beak*, 256 Ga. App. 493, 498 (2002) ("[GFBPA] does not require two elements necessary to show common law tort of misrepresentation.").

---

[10] Hyundai cites to *Gross* for the proposition that a misrepresentation "presupposes knowledge of the falsity of the representation and does not include representations as to future acts or events."  *Gross v. Ideal Pool Corp.*, 181 Ga. App. 483, 485 (1987).  This is true for common law misrepresentation claims, which is what the Georgia Court of Appeals addressed.  *See id.* (citing Ga. Code Ann. § 51-6-2); *Plane v. Uniforce MIS Servs. of Georgia, Inc.*, 223 Ga. App. 731, 734 (1996) (identifying Ga. Code. Ann. section 51-6-2 as a misrepresentation right of action).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 24-731-DMG (DFMx) | Date | March 31, 2025 |
|---|---|---|---|

| Title | *Amy Doucette, et al. v. Kia America Inc., et al.* | Page | 26 of 27 |
|---|---|---|---|

The element of scienter appears in a GFBPA claim on the question of treble damages. The GFBPA provides for general and exemplary damages. Ga. Code Ann. § 10-1-399(a); *Conseco Fin. Servicing Corp. v. Hill*, 252 Ga. App. 774, 778 (2001). *If* the GFBPA violation is an "intentional violation", the court awards treble damages (three times the actual damages). Ga. Code Ann. § 10-1-399(c). Hyundai contends the GFBPA requires "culpable knowledge of the nature (but not necessarily the illegality) of the act," but this requirement identified in *Paulk* came from the Georgia Court of Appeals' decision in *Colonial Lincoln-Mercury Sales* which concerned the "international violation" required for treble damages. *See Paulk v. Thomasville Ford Lincoln Mercury*, 317 Ga. App. 780, 783 (2012) (citing *Colonial Lincoln–Mercury Sales v. Molina*, 152 Ga.App. 379, 383–384 (1979)).

This is not a split in authority where some Georgia courts require scienter, and some do not. *See Manning v. Ashcar, Inc.*, CV No. 19-04309-SDG, 2021 WL 9596193, at *4 (N.D. Ga. Jan. 22, 2021). Rather, Plaintiffs are not required to allege knowledge unless they claim treble damages for an intentional violation. Here, Plaintiffs request "ascertainable losses and actual damages" and injunctive relief with no mention of treble damages or intentional violations. *See* Compl. at ¶¶ 468, 472, d; Hyundai MTD Opp. at 19–24. Accordingly, Hyundai's motion to dismiss for failure to allege pre-sale knowledge fails as a matter of law.

Hyundai's MTD to dismiss Plaintiffs' GFPBA claim (Count 14) is **DENIED**.

**IV.**
**CONCLUSION**

In light of the foregoing, the Court issues the following rulings on the pending motions:

1. Hyundai's Motion to Compel Arbitration is **DENIED**;
2. Kia's MTD is **GRANTED** as to Plaintiffs' California claims (Counts 1, 2, 3, 4, and 5) against Kia;
3. Kia's MTD is **GRANTED with leave to amend** as to Plaintiffs' Unjust Enrichment Claim (Count 7) against Kia;
4. Kia's MTD is **DENIED** on all other grounds;
5. Hyundai's MTD is **GRANTED** as to Plaintiffs' California claims (Counts 1, 2, 3, 4 and 5) against Hyundai;
6. Hyundai's MTD is **GRANTED with leave to amend** as to Plaintiffs' Unjust Enrichment Claim (Count 7) against Hyundai; and
7. Hyundai's MTD is **DENIED** on all other grounds.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 24-731-DMG (DFMx)** | Date | March 31, 2025 |
|---|---|---|---|

| Title | ***Amy Doucette, et al. v. Kia America Inc., et al.*** | Page | 27 of 27 |
|---|---|---|---|

     Plaintiffs shall file their First Amended Complaint, or a notice of intent not to amend, by **May 2, 2025**. Defendants shall file their responses within 21 days after the filing and service of a FAC or notification of intent not to amend.

**IT IS SO ORDERED**.